IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 20-CV-80832

| | |
|---|---|
| SETH FISHMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| JORDAN FISHMAN | ) DEMAND TRIAL BY JURY |
| TWENTY FIRST CENTURY BIOCHEMICALS | ) |
| INC., a Delaware for profit corporation | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff, SETH FISHMAN, by and through undersigned counsel, files this Complaint for damages and for other relief as set forth herein.

## THE PARTIES AND NATURE OF THIS ACTION

1.    Plaintiff, Dr. Seth Fishman, DVM is a doctor of veterinary medicine specializing in treating horses, endurance horses, and camcls. Dr. Fishman is a citizen of the State of Florida and was at all times material to this action a citizen of the State of Florida.

2.    Defendant, Jordan Fishman (hereinafter referred to as "Defendant Jordan") is a citizen of the State of Massachusetts and was all times material to this action a citizen of the State of Massachusetts. Defendant Fishman is also a scientist and

earned a PhD in BioChemistry. At all times materials to this action, Defendant Jordan was the president and majority shareholder of Defendant Twenty First Century Biochemicals, Inc.,

3.      Defendant Twenty First Century Biochemicals, Inc. ("Defendant Twenty First Century"), was at all times material to this action, a corporation incorporated in the state of Delaware with a principal place of business located in the state of Massachusetts.

4.      Defendant Twenty First Century was at all times material to this action a citizen of the state of Massachusetts by virtue of having its principal place of business in Massachusetts and/or a citizen of the state of Delaware by virtue of its incorporation in the state of Delaware.

5.      Defendant Twenty First Century is a certified peptide manufacturer staffed with scientists, such as defendant Jordan Fishman and others, specializing in the preparation of customized peptides and amino acids. Its website further reflects their mission.[1] Defendant Twenty First Century at all times material to this action was a

---

[1]Available at http://www.21stcenturybio.com/custom_peptide_synthesis.htm

The scientists at 21st Century Biochemicals have decades of peptide synthesis and purification experience. As an ISO 9001:2015 Certified Peptide Manufacturer, we manufacture 100% of the peptides we sell in our laboratories in the Boston area. Unlike most other peptides companies that produce peptides off-shore or purchase peptides from 3rd parties, we control all aspects of the manufacturing process and thus you can be assured that your peptides will be of the highest quality. Whether you require a few mg of highly purified peptide or 100 grams of a 35 amino acid peptide, the scientists at 21st Century will deliver the highest quality product at

foreign corporation conducting business in the state of Florida and in Palm Beach county and/or which transacted a substantial amount of business with Plaintiff in Florida.

6.    For years, Plaintiff has maintained a relationship with Defendants. Plaintiff has committed no less than $1 Million to Defendants for the benefit of their operations and business. For years, Plaintiff has loaned money to Defendants and/or

---

reasonable prices. In addition, our highly trained scientific staff can assist you in choosing peptide sequences and purities to suit your specific research needs.

Our peptide services include:

Peptides from 2 to over 136 amino acids in length - purities up to >98% available
Scales from mg to 500 grams - we can produce peptides at scales that work for you

Modified peptides - phosphorylated, methyl-lysine/arginine, biotinylated, dye-labeled, FRET, cyclized (disulfide bonded/lactam bridges), scaffolded peptides, MAP peptides and much more

Isotopically-labeled peptides - 13C/15N and 2D - labeled peptides

Cell-permeable peptides - our expertise is unmatched; peptides can be delivered to various cellular compartments using a variety of cell-permeable vectors; click here for more info

Overlapping peptides - for epitope mapping, T cell assays, other applications; with a capacity of over 1,500 peptides per month, we can provide rapid turnaround for

Peptide arrays - available on plates, individual tubes or in formats to fit your research

Peptide libraries - peptides with one or more degenerate sites for drug discovery or other applications; modified peptide libraries

paid for equipment for the benefit of Defendants and/or made prepayments to Defendants. Defendants have failed to repay loans, return equipment, and perform work after receiving pre-payments. Defendant Jordan, acting as the president of Defendant Twenty First Century, has also engaged in a scheme to defraud Plaintiff of his money and property by falsely representing that monies paid by Plaintiff for the benefit of Defendants could be repaid through the conversion of those monies to shares of stock in Defendant Twenty First Century when Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that he had substantially inflated the value of said stock and that Defendant Jordan's statements of material fact were false and designed to lull Plaintiff into devoting more capital to Defendants' operation and its continued viability.

By reason of Defendants' action, Plaintiff has suffered actual damages of no less than $400,000.00 and Plaintiff has suffered more than $5 Million dollars in lost profits.

## JURISDICTION, AND VENUE

7.     This court has personal jurisdiction over Defendants Jordan Fishman and Twenty First Century because Defendants conducted and/or currently conduct business and/or service activities within the State of Florida, have committed and/or caused torts within this district and other violations of law as set forth herein, and have breached agreements or promises to Plaintiff, as set forth herein, which directly

impact Plaintiff, a citizen of the state of Florida. Further, Defendants in conducting business with Plaintiff for more than 5 years have derived significant financial benefits of no less than One Million Dollars.

8.     This Court has subject matter jurisdiction over all claims for relief pursuant to 28 U.S.C. §1332(a)(1) because the parties, as citizens of different States, are of diverse citizenship and the amount in controversy exceeds  $75,000, exclusive of interest and costs.

9.     Venue is proper in this Court under 28 U.S.C. §§1391 (b)-(c) as certain transactions, practices and courses of business, and wrongful acts as alleged herein have occurred in this District, and because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

<u>FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

10. In or about 2010, Plaintiff and Jordan Fishman commenced a business relationship.

11. From in or around 2011 to present, Plaintiff has expended no less than $1.25 Million for the benefit of Twenty First Century and Jordan Fishman.

12. Moreover, as early as 2013, Plaintiff also advised Defendant Jordan that Plaintiff was engaged in business relationships with local compounding pharmacies and further advised Defendant Jordan that Plaintiff could send

orders for certain compounded medications to local compounding pharmacies instead of Defendant Twenty First Century.

13. Conducting business with those local compounding pharmacies, instead of Defendant Twenty First Century, would have eliminated Defendant Twenty First Century and would have substantially diminished their ability to benefit from their relationship with Plaintiff.

14. Defendant Jordan represented to Plaintiff that he was capable of making products and customizing peptides and amino acids.

15. Defendants did perform the work, however, beginning no later than 2015 Defendant Jordan encountered financial problems and commenced a campaign of lending money from Plaintiff with the false promise that Defendant Jordan would pay Plaintiff and/or that Defendants would issue sufficient stock in Defendant Twenty First Century to account for and properly compensate Plaintiff for the amounts of monies paid by Plaintiff to Defendants for the benefit of Defendants.

16. In 2015, 2016, and 2017, Plaintiff paid Defendant Jordan, acting as president of Twenty First Century, more than $200,000.00 which Defendant Jordan promised to pay as loans to Plaintiff. Defendants never paid Plaintiff. Instead Defendant Jordan assured Plaintiff that Plaintiff was

a 6.9% shareholder in Defendant Twenty First Century and that his shares were valuable.

17. In or around 2017, Plaintiff advised Defendant Jordan that Plaintiff had a limited opportunity to build a lab in United Arab Emirates (UAE). Defendant Jordan induced Seth not to move forward with that project claiming instead that Defendants still had the financial strength, capital, and the capacity to expand and continue the business of Defendant Twenty First Century.

18. Construction and development of said lab in the UAE would have essentially eliminated Plaintiff's need to continue doing business with Defendants.

19. Plaintiff relied on Defendant Jordan's representations about Defendant Twenty First Century, their competence, and their ability to service orders, customize peptides and amino acids, and service Plaintiff's select clients and patients.

20. Plaintiff maintained his relationship with 21st Century based on assurances from Defendant Jordan that Defendant 21st Century was willing and capable of compounding peptides and formulating other specialty products for select clients.

21. Throughout the period during which Defendants and Plaintiff maintained a business relationship together, Defendant Jordan conveyed to Plaintiff that 21st Century was financially stable and would be able to service Plaintiffs' clients.

22. In fact, Defendants were not financially solvent, and Defendant Jordan never intended to pay back the monies Plaintiff paid to Defendants.

CLAIM ONE
**BREACH OF AGREEMENT**
**MARCH 2015 ($25,000)**
**(Defendants Jordan Fishman and Twenty First Century)**

23. Between December 1, 2014 and March 1, 2015 Plaintiff paid Defendants $25,000 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

24. On March 29, 2015, Defendant Jordan, acting as president of Defendant Twenty First, executed a "Non-Recourse Note" attached here as **Exhibit A** signed on behalf of Defendant Twenty First Century as "borrower."

25. The Non-Recourse note obligates Defendants to pay Plaintiff a sum of $25,000 at an interest rate of 15% commencing no later than one year from its execution, March 29, 2016.

26. Defendants have failed to pay any monies to Plaintiff as agreed.

27. By failing to pay any monies to Plaintiff, as agreed beginning no later than March 29, 2016, Defendants have breached their agreement no earlier than March 29, 2016.

28. By reason of Defendants failure to pay Plaintiff, Plaintiff has suffered damages of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually).

WHEREFORE, Plaintiff demands judgment in the amount of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually), not including attorneys' fees and any other costs this court deems appropriate.

CLAIM TWO
***BREACH OF AGREEMENT***
***APRIL 2015 ($25,000)***
***(Defendants Jordan Fishman and Twenty First Century)***

29. In or around March 27, 2015 Plaintiff paid Defendants $25,000 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

30. On April 17, 2015, Defendant Jordan, acting as president of Defendant Twenty First, executed a "Non-Recourse Note" attached here as **Exhibit B** signed on behalf of Defendant Twenty First Century as "borrower."

31. The Non-Recourse note obligates Defendants to pay Plaintiff a sum of $25,000 at an interest rate of 15% commencing no later than one year from its execution, April 17, 2016

32. Defendants have failed to pay any monies to Plaintiff as agreed.

33. By failing to pay any monies to Plaintiff, as agreed beginning no later than April 17, 2016, Defendants have breached their agreement no earlier than April 17, 2016.

34. By reason of Defendants failure to pay Plaintiff, Plaintiff has suffered damages of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually).

WHEREFORE, Plaintiff demands judgment in the amount of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually), not including attorneys fees and any other costs this court deems appropriate.

## CLAIM THREE
### *BREACH OF AGREEMENT*
### *MAY 2015 ($25,000)*
### *(Defendants Jordan Fishman and Twenty First Century)*

35. In or around April 14, 2015, Plaintiff paid Defendants $25,000 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

36. On May 1, 2015 Defendant Jordan, acting as president of Defendant Twenty First, executed a "Non-Recourse Note" attached here as **Exhibit C** signed on behalf of Defendant Twenty First Century as "borrower."

37. The Non-Recourse note obligates Defendants to pay Plaintiff a sum of $25,000 at an interest rate of 15% commencing no later than one year from its execution, May 1, 2016.

38. Defendants have failed to pay any monies to Plaintiff as agreed.

39. By failing to pay any monies to Plaintiff, as agreed beginning no later than May 1, 2016, Defendants have breached their agreement no earlier than May 1, 2016.

40. By reason of Defendants failure to pay Plaintiff, Plaintiff has suffered damages of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually).

WHEREFORE, Plaintiff demands judgment in the amount of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually), not including attorneys' fees and any other costs this court deems appropriate.

<u>CLAIM FOUR</u>
***BREACH OF MAY AGREEMENT***
***MAY 2015 ($25,000)***
***(Defendants Jordan Fishman and Twenty First Century)***

41. In or around May of 2015 and no later than May 31, 2015, Plaintiff paid Defendants a total sum of $25,000 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

42. On May 23, 2015 Defendant Jordan, acting as president of Defendant Twenty First, executed a "Non-Recourse Note" attached here as **Exhibit D** signed on behalf of Defendant Twenty First Century as "borrower."

43. The Non-Recourse note obligates Defendants to pay Plaintiff a sum of $25,000 at an interest rate of 15% commencing no later than one year from its execution, May 23, 2016.

44. Defendants have failed to pay any monies to Plaintiff as agreed.

45. By failing to pay any monies to Plaintiff, as agreed beginning no later than May 23, 2016, Defendants have breached their agreement no earlier than May 23, 2016.

46. By reason of Defendants failure to pay Plaintiff, Plaintiff has suffered damages of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually).

WHEREFORE, Plaintiff demands judgment in the amount of no less than $45,383.87 (principal of $25,000 plus 15% compounded annually), not including attorneys' fees and any other costs this court deems appropriate.

<u>CLAIM FIVE</u>
*ACCOUNT STATED[2]*
*2015 ($49,990)*
*(Defendants Jordan Fishman and Twenty First Century)*

47. In addition to the total sum of $100,000 which Plaintiff paid to Defendants, as alleged in Claims One-Four, between November 19, 2014 and November 15, 2015, Plaintiff paid Defendant Jordan an additional sum of $49,990.00 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

48. Defendant Jordan, as president of Defendant Twenty First Century, promised to pay Plaintiff $49,990 at a rate of interest of no less than 12%

49. To this end, on no later than **February 16, 2018**, Defendant Jordan, emailed a draft "Non-Recourse Term Note" backdated January 20, 2016 which, as drafted, obligated Defendant Twenty First Century and

---

[2] Florida courts have long recognized a cause of action for account stated, which requires (1) an agreement between the parties as to the amount owed, (2) an agreement that the amount owed was due, and (3) an express or implicit promise to pay that amount. *Everett v. Webb Furniture Co*., 124 So. 278, 279 (Fla. 1929). "[I]t is not necessary, in order to support a count upon account stated, to show the nature of the original debt, or to prove the specific items constituting the account." *Daytona Bridge Co. v. Bond,* 36 So. 445, 447 (Fla. 1904)). An action for account stated is based on a new promise to pay that is separately enforceable without regard to any written contract from which the debt may have originated.

Defendant Jordan to make payments towards the initial $49,910 to Plaintiff beginning no later than July of 2018.

50. In an email dated **July 27, 2018** Plaintiff sent an email to Defendant Jordan with the subject "loan payments" and advised Defendant Jordan *please let me know the status of these payments* regarding the loans from 2016 and 2017. In the email, Plaintiff attached "loan capitalization" calculations in demonstrate to Defendant Jordan that substantial interest payments were due as part of the 2016 loan to Defendants.

51. Defendants have not paid any of the amounts Defendants promised to pay Plaintiff.

52. By reason of Defendants actions, Plaintiff has suffered damages of no less than $49,990.00.

53. By reason of Defendants, Plaintiff is entitled to interest payments as follows:

| Year | Year Interest | Total Interest | Balance |
|------|---------------|----------------|---------|
| 1 | $7,498.50 | $7,498.50 | $57,488.50 |
| 2 | $8,623.28 | $16,121.78 | $66,111.78 |
| 3 | $9,916.77 | $26,038.54 | $76,028.54 |
| 4 | **$11,404.28** | **$37,442.82** | **$87,432.82** |

WHEREFORE, Plaintiff demands judgment in the amount of no less than $87,432.82 excluding costs, and attorneys' fees, where applicable.

## CLAIM SIX

### MONEY HAD AND RECEIVED[3]
### 2015 ($49,990
### (Defendants Jordan Fishman and Twenty First Century)

54. In addition to the total sum of $100,000 which Plaintiff paid to Defendants, as alleged in Claims One-Four, between November 19, 2014 and November 15, 2015, Plaintiff paid Defendant Jordan an additional sum of $49,990.00 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

55. Defendant Jordan, as president of Defendant Twenty First Century, and Defendant Twenty First Century appreciated and accepted this benefit.

56. Defendant Jordan agreed that Defendant Jordan owed Plaintiff the sum of no less than $49,990 at a rate of interest of no less than 12% in return for this benefit.

---

[3] "To prevail on either of these claims [unjust enrichment or money had and received], Plaintiffs must show that (1) they conferred a benefit on the Palmer Law Firm; (2) the firm appreciated such benefit; and (3) acceptance and retention of such benefit by the firm under the circumstances would be inequitable without paying for it." *Kelly v. Palmer Reifler and Associates, PA,* 681 F. Supp. 1356, 1384 (S.D. Fla. 2010) (Moreno J.). An action for money had and received, or the more modern action for unjust enrichment, *see generally Moore Handley, Inc. v. Major Realty Corp.,* 340 So.2d 1238 (Fla. 4th DCA 1976), is an equitable remedy requiring proof that money had been paid due to fraud, misrepresentation, imposition, duress, undue influence, mistake, or as a result of some other grounds appropriate for intervention by a court of equity. *Hall v. Humana Hospital,* 686 So. 2d 653 (Fla. 5th DCA 1996)

57. To this end, on no later than **February 16, 2018**, Defendant Jordan, emailed a draft "Non-Recourse Term Note" backdated January 20, 2016 which, as drafted, obligated Defendant Twenty First Century and Defendant Jordan to make payments towards the initial $49,910 to Plaintiff beginning no later than July of 2018.

58. In an email dated **July 27, 2018** Plaintiff sent an email to Defendant Jordan with the subject "loan payments" and advised Defendant Jordan *please let me know the status of these payments* regarding the loans from 2016 and 2017. In the email, Plaintiff attached "loan capitalization" calculations in demonstrate to Defendant Jordan that substantial interest payments were due as part of the 2016 loan to Defendants.

59. Defendants have not paid any of the amounts Defendant Jordan, acting as president of Defendant Twenty First Century, agreed to pay Plaintiff.

60. By accepting, acknowledging, receiving and recognizing the benefit of no less than $49,990 provided by Plaintiff to Defendants, Defendants have received a benefit for which they promised to pay and have failed to pay.

61. By reason of Defendants actions, Plaintiff has suffered damages of no less than $49,990.

62. By reason of Defendants, Plaintiff is entitled to interest payments as follows:

| Year | Year Interest | Total Interest | Balance |
|------|---------------|----------------|---------|
| 1 | $7,498.50 | $7,498.50 | $57,488.50 |
| 2 | $8,623.28 | $16,121.78 | $66,111.78 |
| 3 | $9,916.77 | $26,038.54 | $76,028.54 |
| 4 | **$11,404.28** | **$37,442.82** | **$87,432.82** |

WHEREFORE, Plaintiff demands judgment in the amount of no less than $87,432.82 excluding costs, and attorneys' fees, where applicable.

<u>CLAIM SEVEN</u>
*ACCOUNT STATED*
*2015 (Total of $150,000)*
*(Defendants Jordan Fishman and Twenty First Century)*

63. Between November 19, 2014 and November 15, 2015, Plaintiff paid Defendants no less than $150,000.00 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

64. In an email dated August 7, 2015, Defendant Jordan, as president of Defendant Twenty First Century, acknowledged that Plaintiff was entitled to payment of these amounts from Defendants stating:

**From:** Jordan B. Fishman <jfishman@21stcenturybio.com>
**Sent:** Friday, August 7, 2015 12:44 PM
**To:** 'Seth Fishman' <sethfishman@hotmail.com>
**Subject:** RE: I will be getting a quote this coming week for the Ultra vs the Genesis

You have a total of $150,000 in loans from this year which is 375,000 shares (avg of $0.40) and I am waiting to see how the accountants will handle the $50K or so left on deposit from last year. I just have to nail them down. That would be ~ 125,000 shares.

Regards,

65. Defendants have not paid any of the amounts Defendant Jordan, acting as president of Defendant Twenty First Century, agreed to pay Plaintiff.

66. By reason of Defendants actions, Plaintiffs have suffered damages of no less than $150,000 excluding interests and costs.

WHEREFORE, Plaintiff demands judgment in the amount of no less than $150,000, not including costs, interests, and attorneys' fees, where applicable.

CLAIM EIGHT
**MONEY HAD AND RECEIVED**
**2015 (Total of $150,000)**
**(Defendants Jordan Fishman and Twenty First Century)**

67. Between November 19, 2014 and November 15, 2015, Plaintiff paid Defendants no less than $150,000.00 for the benefit of Defendant Jordan and for the benefit of Defendant Twenty First Century and its operations.

68. Defendant Jordan, as president of Defendant Twenty First Century, and Defendant Twenty First Century appreciated and accepted this benefit.

69. In an email dated August 7, 2015, Defendant Jordan agreed that Defendant Jordan owed Plaintiff the sum of no less than $150,000.00 in return for this benefit as follows:

From: Jordan B. Fishman <jfishman@21stcenturybio.com>
Sent: Friday, August 7, 2015 12:44 PM
To: 'Seth Fishman' <sethfishman@hotmail.com>
Subject: RE: I will be getting a quote this coming week for the Ultra vs the Genesis

You have a total of $150,000 in loans from this year which is 375,000 shares (avg of $0.40) and I am waiting to see how the accountants will handle the $50K or so left on deposit from last year.  I just have to nail them down.  That would be ~ 125,000 shares.

Regards,

70. Defendants have not paid any of the amounts Defendant Jordan, acting as president of Defendant Twenty First Century, agreed to pay Plaintiff.

71. By accepting, acknowledging, receiving and recognizing the benefit of no less than $150,000 provided by Plaintiff to Defendants, Defendants have received a benefit for which they promised to pay and have failed to pay.

72. By reason of Defendants actions, Plaintiffs have suffered damages of no less than $150,000 excluding interests and costs.

WHEREFORE, Plaintiff demands judgment in the amount of no less than $150,000 not including costs, interests, and attorneys' fees, where applicable.

## CLAIM NINE
### *BREACH OF LOAN AGREEMENT*
### *2017 ($49,910)*
### *(Defendants Jordan Fishman and Twenty First Century)*

73. Plaintiff paid $49,910 to Twenty First Century for the benefit of Twenty First Century and Jordan Fishman.

| 03/18/2017 | Expense | 21st Century | SPC | 12,410.00 |
|---|---|---|---|---|
| 03/17/2017 | Expense | 21st Century | SPC | 6,920.00 |

| | | | |
|---|---|---|---|
| 03/17/2017 | Expense | 21st Century SPC | 12,600.00 |
| 03/13/2017 | Expense | 21st Century SPC | 24,900.00 |

74. Defendant Jordan, as president of Twenty First Century, promised to pay Plaintiff $50,000.00 at a rate of interest of 12%.

75. In an email dated **February 9, 2018**, Defendant Jordan acknowledged the monies Defendant Jordan is required to pay Plaintiff and stated: ***The total that was charged to the AMEX (3/14 and 3/20/2017) was $49,910. Given the situation we will of course absorb the AMEX charges.***

76. In an email dated no later than **February 16, 2018**, Defendant Jordan, emailed a draft "Non-Recourse Term Note" backdated March 20, 2017, which, as drafted, obligated Defendant Twenty First Century and Defendant Jordan to make payments towards the initial $**49,910** to Plaintiff beginning no later than July of 2018.

77. In an email dated **July 27, 2018** Plaintiff sent an email to Defendant Jordan with the subject "loan payments" and advised Defendant Jordan *please let me know the status of these payments* regarding the loans from 2016 and 2017. In the email, Plaintiff attached "loan capitalization" calculations in demonstrate to Defendant Jordan that substantial interest payments were due as part of the 2017 loan to Defendants.

78. In an email dated **February 4, 2020**, Plaintiff  again reminded Defendant Jordan that Defendant Jordan was obligated to pay Plaintiff and stated "*My accountant feels best you apply the first credit towards the first payment and then make payments monthly going forward afterward.  I need to keep my books simplified.* "

79. Defendants have not paid any of the amounts Defendants promised to pay Plaintiff.

80. By reason of Defendants actions, Plaintiff has suffered damages of no less than $49,910.

81. By reason of Defendants actions, Plaintiff is entitled to interest payments as follows:

| Year | Year Interest | Total Interest | Balance |
|------|---------------|----------------|---------|
| 1 | $7,486.50 | $7,486.50 | $57,396.50 |
| 2 | $8,609.48 | $16,095.98 | $66,005.98 |
| 3 | $9,900.90 | $25,996.87 | $75,906.87 |
| 4 | **$11,386.03** | **$37,382.90** | **$87,292.90** |

WHEREFORE, Plaintiff demands judgment in the amount of no less than $87,292.90, plus costs and attorney's fees, where applicable.

## CLAIM TEN

### *ACCOUNT STATED*
### *2017 ($49,910)*
### *(Defendants Jordan Fishman and Twenty First Century)*

82. Plaintiff paid Defendant Jordan a sum of $49,910 for the benefit of

Defendant Twenty First Century as follows:

| | | | | |
|---|---|---|---|---|
| 03/18/2017 | Expense | 21st Century | SPC | 12,410.00 |
| 03/17/2017 | Expense | 21st Century | SPC | 6,920.00 |
| 03/17/2017 | Expense | 21st Century | SPC | 12,600.00 |
| 03/13/2017 | Expense | 21st Century | SPC | 24,900.00 |

83. Defendant Jordan, as president of Defendant Twenty First Century, agreed

to pay Plaintiff the total sum of the amount above ($49,910) at a rate of

interest of 15%

84. Defendant Jordan, acting as president of Defendant Twenty First Century,

agreed that Defendant Jordan owed Plaintiff the sum of no less than

$50,000.00 at a rate of interest of 15%.

85. In an email dated **February 9, 2018**, Defendant Jordan acknowledged the

monies Defendant Jordan is required to pay Plaintiff and stated: ***The total***

***that was charged to the AMEX (3/14 and 3/20/2017) was $49,910. Given***

***the situation we will of course absorb the AMEX charges.***

86. In an email dated no later than **February 16, 2018**, Defendant Jordan, emailed a draft "Non-Recourse Term Note" backdated March 20, 2017, which, as drafted, obligated Defendant Twenty First Century and Defendant Jordan to make payments towards the initial $**49,910** to Plaintiff beginning no later than July of 2018.

87. In an email dated **July 27, 2018** Plaintiff sent an email to Defendant Jordan with the subject "loan payments" and advised Defendant Jordan *please let me know the status of these payments* regarding the loans from 2016 and 2017. In the email, Plaintiff attached "loan capitalization" calculations in demonstrate to Defendant Jordan that substantial interest payments were due as part of the 2017 loan to Defendants.

88. In an email dated **February 4, 2020**, Plaintiff  again remined Defendant Jordan that Defendant Jordan was obligated to pay Plaintiff and stated "*My accountant feels best you apply the first credit towards the first payment and then make payments monthly going forward afterward.  I need to keep my books simplified.*"

89. Defendants have not paid any of the amounts Defendant Jordan, acting as president of Defendant Twenty First Century, agreed to pay Plaintiff.

90. By reason of Defendants actions, Plaintiffs have suffered damages of no less than $49,910.

91. By reason of Defendants actions, Plaintiff is entitled to interest payments as follows:

| Year | Year Interest | Total Interest | Balance |
|------|---------------|----------------|---------|
| 1 | $7,486.50 | $7,486.50 | $57,396.50 |
| 2 | $8,609.48 | $16,095.98 | $66,005.98 |
| 3 | $9,900.90 | $25,996.87 | $75,906.87 |
| 4 | $11,386.03 | $37,382.90 | $87,292.90 |

WHEREFORE, Plaintiff demands judgment in the amount of no less than $87,292.90, plus costs and attorneys' fees, where applicable.

CLAIM ELEVEN
*MONEY HAD OR RECEIVED*
*2017 ($49,910)*
*(Defendants Jordan Fishman and Twenty First Century)*

92. Plaintiff paid Defendants Jordan and Twenty First Century a sum of $49,910 for the benefit of Defendant Twenty First Century and its operations as follows:

| | | | | |
|---|---|---|---|---|
| 03/18/2017 | Expense | 21st Century | SPC | 12,410.00 |
| 03/17/2017 | Expense | 21st Century | SPC | 6,920.00 |
| 03/17/2017 | Expense | 21st Century | SPC | 12,600.00 |
| 03/13/2017 | Expense | 21st Century | SPC | 24,900.00 |

93. Defendant Jordan, as president of Defendant Twenty First Century, and Defendant Twenty First Century appreciated and accepted this benefit.

94. Defendant Jordan agreed that Defendant Jordan owed Plaintiff the sum of no less than $49,910 at a rate of interest of no less than 12% in return for this benefit.

95. In an email dated **February 9, 2018**, Defendant Jordan acknowledged the monies Defendant Jordan is required to pay Plaintiff and stated: ***The total that was charged to the AMEX (3/14 and 3/20/2017) was $49,910.  Given the situation we will of course absorb the AMEX charges.***

96. In an email dated no later than **February 16, 2018**, Defendant Jordan, emailed a draft "Non-Recourse Term Note" backdated March 20, 2017, which, as drafted, obligated Defendant Twenty First Century and Defendant Jordan to make payments towards the initial $**49,910** to Plaintiff beginning no later than July of 2018.

97. In an email dated **July 27, 2018** Plaintiff advised Defendant Jordan that the loans were still due and attached "loan capitalization" calculations in the email to demonstrate to Defendant Jordan that certain amounts were still due and owing to Plaintiff.

98. In an email dated **February 4, 2020**, Plaintiff again remined Defendant Jordan that Defendant Jordan was obligated to pay Plaintiff and stated "*My accountant feels best you apply the first credit towards the first payment and then make payments monthly* Defendants have not paid any of the amounts Defendant Jordan, acting as president of Defendant Twenty First Century, agreed to pay Plaintiff.

99. By accepting, acknowledging, receiving and recognizing the benefit of no less than $49,910 provided by Plaintiff to Defendants, Defendants have received a benefit for which they promised to pay and have failed to pay.

100.   By reason of Defendants actions, Plaintiffs have suffered damages of no less than $49,910.

101.  By reason of Defendants actions, Plaintiff is entitled to interest payments as follows:

| Year | Year Interest | Total Interest | Balance |
|------|---------------|----------------|---------|
| 1 | $7,486.50 | $7,486.50 | $57,396.50 |
| 2 | $8,609.48 | $16,095.98 | $66,005.98 |
| 3 | $9,900.90 | $25,996.87 | $75,906.87 |
| 4 | **$11,386.03** | **$37,382.90** | **$87,292.90** |

WHEREFORE, Plaintiff demands judgment in the amount of no less than $87,292.90, plus costs and attorneys' fees, where applicable.

CLAIM TWELVE
*UNJUST ENRICHMENT*
*(No Less than $50,000 pre-paid advances)*
*(Defendants Jordan Fishman and Twenty First Century)*

102.   Beginning on no later than January 1, 2017 to present, Plaintiff has paid Defendants no less than $50,000.00 as pre-paid advances with the expectations that Defendants would formulate and/or customize protein shakes, peptides, and amino acids for select clients of Plaintiff to be delivered to those clients.

103.   By way of example, on the following dates, Plaintiff paid Defendants as follows:

| Date | Type | No. | Payee | Category | Total |
|------|------|-----|-------|----------|-------|
| 02/21/2020 | Expense | | Jordan Fishman | Jordan Fishman | $1,405.00 |
| 01/24/2020 | Expense | | Jordan Fishman | Jordan Fishman | $1,959.08 |
| 01/14/2020 | Expense | | Jordan Fishman | Jordan Fishman | $2,436.50 |
| 12/06/2019 | Expense | | Jordan Fishman | Jordan Fishman | $5,800.00 |

104.   In addition, on June 1, 2019, Plaintiff paid Defendants $8500.00

105.   Defendant Jordan, as president of Defendant Twenty First Century, and Defendant Twenty First Century appreciated and accepted these benefits

106.   By accepting, acknowledging, receiving and recognizing the benefit of no less than $50,000.000 provided by Plaintiff to Defendants, Defendants have received a benefit for which they promised to perform

107.   In return for the above monies and other monies of which amount to no less than $50,000, Defendant Jordan, as president of Defendant Twenty

First Century, promised to formulate and/or customize protein shakes, peptides, and amino acids for select clients of Plaintiff.

108.   Defendants failed to perform those duties and/or to prepare or customize the agreed upon protein shakes, peptides, and/or amino acids.

109.   By reason of Defendants' acceptance of money from Plaintiffs for which they promised to perform and have not performed, Defendants have been unjustly enriched.

110.   By reason of Defendants' acceptance of money from Plaintiffs for which they promised to perform and have not performed, Plaintiffs have been harmed.

111.    Plaintiffs have suffered damages of no less than $50,000.00 excluding interests and costs.

WHEREFORE, Plaintiff demands judgment in the amount of no less than $50,000.00 not including costs, interests, and attorneys' fees, where applicable.

<u>CLAIM THIRTEEN</u>

*FRAUD*
*(Defendants Jordan Fishman and Twenty First Century)*

112.    Beginning no later than November of 2014 until at least September of 2019, Defendant Fishman, acting as president and on behalf of Defendant 21st Century, has been engaged in a scheme to defraud Plaintiff of money or property.

113.    The manner by which Defendant Jordan engaged in this scheme included but was not limited to falsely representing to Plaintiff that Defendant Jordan could pay Plaintiff the sums of monies Defendants owe Plaintiff by constantly representing to Plaintiff that Defendant Twenty First Century is a valuable and financially solvent organization

114.    The manner by which Defendant Jordan engaged in this scheme included but was not limited to falsely representing to Plaintiff that converting Plaintiffs monies to Defendant Twenty First Century shares was reasonable and valuable consideration for the monies paid by Plaintiff to Defendants when in truth and fact Defendant Twenty First Century shares are virtually worthless, and/or Twenty First Century did not have the financial capacity to liquidate any shares purportedly issued to Plaintiff as supposed consideration for loans.

115.   Defendant Jordan engaged in this scheme by falsely representing to Plaintiff that Defendant Twenty First Century would convert portions of Plaintiff's loans to valuable shares held by Defendant Twenty First Century.

116.   In 2015, Defendant Jordan fraudulently induced Plaintiff to commit more than $150,000.00 as loans to Defendant Twenty First Century with the false promise that Plaintiff would have hundreds of thousands of shares in Defendant Twenty First Century valued at no less than 40 cents.

117.   In an email dated **March 13, 2015**, Defendant Jordan stated:

*I am working to put together financing (loans of $50K @ 16% with the ability to convert to stock) for this growth we will undergo.  I do not know if you are in a position or want to participate but with what is going on we are going to be in great shape by spring 2016.  The loan conversion rights allow you to convert principal to stock at a price substantially lower than what the stock sold for before (our estimates is **we are about 36-48 months to a company sale, with approximately a 3-4x return versus current FMV**; loan myself as did the board members who has some small loans).*

*On the Thermo front they are also going to send us equipment from the factory they are closing so we will be able to put less $$ into equipment which is great.  They also want us to take on a second line of manufacturing in the fall and will use the equipment they will send us.  Very cool.*
*I am trying to avoid going the secondary financial market route, which is why **I can offer a 15% return, payments quarterly….**  Let me know if you have interest as I am scrambling to get people hired.*

118.    Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that shares in Defendant Twenty First Century was not able to offer a return of 3-4 times the initial investment.

119.    Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that Defendants were not in a financial position to offer or pay a 15% return with payments made on a quarterly basis.

120.    In a letter to Plaintiff dated **May 23, 2015**, Defendant Jordan stated:

> May 27, 2015
>
> Dear Seth,
>
> This letter serves to put into writing our agreement that you will purchase common shares of stock in Twentyfirst Century Biochemicals, Inc., at a price of $0.34 per share from my personal allotment. For a total of $25,000 you will receive a stock certificate for 73,529 shares. This certificate will be separate from any other stock certificates due from conversions of loans to the Company or direct purchases of stock from others or the Company. The certificate will be generated by our corporate attorney following payment as follows:
>
> (1) $15,000 to be paid in May, 2015, and
> (2) $10,000 to be paid at a time of your choosing between June 1, 2015 and September 30, 2015.
>
> Thanks very much!
>
> Jordan B. Fishman, PhD
> 29 Lynbrook Road
> Southborough, MA 01772

121.    Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that shares in Defendant Twenty First Century were valued at far less than 34 cents.

122.    In an email dated **August 7, 2015** Defendant Jordan stated:

**From:** Jordan B. Fishman <jfishman@21stcenturybio.com>
**Sent:** Friday, August 7, 2015 12:44 PM
**To:** 'Seth Fishman' <sethfishman@hotmail.com>
**Subject:** RE: I will be getting a quote this coming week for the Ultra vs the Genesis

You have a total of $150,000 in loans from this year which is 375,000 shares (avg of $0.40) and I am waiting to see how the accountants will handle the $50K or so left on deposit from last year.  I just have to nail them down.  That would be ~ 125,000 shares.

Regards,

123.   Plaintiff has now become aware no earlier than May 1, 2020, that, on or about **March 14, 2016**, Defendant Twenty First Century filed an annual report with the Common Wealth of Massachusetts representing that Defendant Twenty First Century holds 5 Million shares, with a total value of $50,000.00, at a value of ***1 cent per share***. *See* **Exhibit E,** 2015 Annual Report.

124.   Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that shares in Defendant Twenty First Century were valued at far less than 40 cents.

125.   Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that Defendants were unable to pay Plaintiff substantial monies of less than $150,000 through the conversion of money to Defendant Twenty First Century shares.

126.   Defendant Jordan advised Plaintiff that Plaintiff would become a 6.9% shareholder in Defendant Twenty First Century

127.   In an email dated **February 9, 2018,** Defendant Jordan advised Plaintiff that Plaintiff would hold ***341,580 shares*** of Defendant Twenty First Century shares.

128.   To date, Plaintiff has never received any shares in Defendant Twenty First Century or shares certificate.

129.   To date, Plaintiff has never received a valuation, accounting, or appraisal of the value of the shares he supposedly owns in Defendant Twenty First Century.

130.   In addition, no later than 2013 after Plaintiff advised Defendant Jordan that Plaintiff had relationships with local compounding pharmacies which could fill orders for compounded drugs, Defendant Jordan continued to assure Plaintiff that Defendant Twenty First Century, was capable of making products and customizing peptides and amino acids.

131.   Conducting business with those local compounding pharmacies, instead of Defendant Twenty First Century, would have eliminated Defendant Twenty First Century and would have substantially diminished their ability to benefit from their relationship with Plaintiff.

132.   In or around 2017, Plaintiff conveyed to Defendant Jordan that Plaintiff had a unique opportunity to build a laboratory in the United Arab Emirates.

133.   Construction and development of said lab in the UAE would have essentially eliminated Plaintiff's need to continue doing business with Defendants

134.   In deciding to forego development of the UAE laboratory, Plaintiff justifiably relied on Defendant Jordan's representations about Defendant Twenty First Century,

their competence, and their ability to service orders, customize peptides and amino acids, and service Plaintiff's select clients and patients.

135. Likewise, in deciding to terminate relationships with local compounding pharmacies, Plaintiff justifiably relied on Defendant Jordan's representations about Defendant Twenty First Century, their competence, and their ability to service orders, customize peptides and amino acids, and service Plaintiff's select clients and patients.

136. Such reliance was detrimental to Plaintiff and resulted in at least two missed business opportunities as set forth herein.

137. By reason of these false and fraudulent misrepresentations, and/or omissions, regarding material facts, Plaintiff suffered actual damages of no less than $1 Million and lost profits in the amount of no less than 5 Million dollars.

WHEREFORE, Plaintiff demands judgment in the amount of no less than Five Million dollars excluding costs, interests, attorneys' fees, and any other costs which this court deems are appropriate. Plaintiff further demands access to Defendant Twenty First Century's books and records and demands an accounting of all monies, regardless of form, received by Defendant Twenty First Century or Defendant Jordan from Plaintiff.

<u>CLAIM FOURTEEN</u>

***FRAUDULENT INDUCEMENT***
***(Defendants Jordan Fishman and Twenty First Century)***

138.   Beginning no later than November of 2014 until at least September of 2019, Defendant Fishman, acting as president and on behalf of Defendant 21st Century, has been engaged in a scheme to defraud Plaintiff of money or property.

139.   The manner by which Defendant Jordan engaged in this scheme included but was not limited to falsely representing to Plaintiff that Defendant Jordan could pay Plaintiff the sums of monies Defendants owe Plaintiff by constantly assuring Plaintiff that Defendant Twenty First Century is a valuable and financially solvent organization

140.   The manner by which Defendant Jordan engaged in this scheme included but was not limited to falsely representing to Plaintiff that converting Plaintiffs monies to Defendant Twenty First Century shares was reasonable and valuable consideration for the monies paid by Plaintiff to Defendants when in truth and fact Defendant Twenty First Century shares are virtually worthless, and/or Twenty First Century did not have the financial capacity to liquidate any shares purportedly issued to Plaintiff as supposed consideration for loans.

141. Defendant Jordan engaged in this scheme by falsely representing to Plaintiff that Defendant Twenty First Century would convert portions of Plaintiff's loans to valuable shares held by Defendant Twenty First Century.

142. In 2015, Defendant Jordan fraudulently induced Plaintiff to commit more than $150,000.00 as loans to Defendant Twenty First Century with the false promise that Plaintiff would have hundreds of thousands of shares in Defendant Twenty First Century valued at no less than 40 cents.

143. In an email dated **March 13, 2015**, Defendant Jordan stated:

*I am working to put together financing (loans of $50K @ 16% with the ability to convert to stock) for this growth we will undergo. I do not know if you are in a position or want to participate but with what is going on we are going to be in great shape by spring 2016. The loan conversion rights allow you to convert principal to stock at a price substantially lower than what the stock sold for before (***our estimates is we are about 36-48 months to a company sale***, with approximately a 3-4x return versus current FMV; I converted a $50K loan myself as did the board members who has some small loans).*

*On the Thermo front they are also going to send us equipment from the factory they are closing so we will be able to put less $$ into equipment which is great. They also want us to take on a second line of manufacturing in the fall and will use the equipment they will send us. Very cool.*
*I am trying to avoid going the secondary financial market route, which is why **I can offer a 15% return, payments quarterly…** Let me know if you have interest as I am scrambling to get people hired.*

144.    Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that shares in Defendant Twenty First Century was not able to offer a return of 3-4 times the initial investment.

145.    Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that Defendants were not in a financial position to offer or pay a 15% return with payments made on a quarterly basis.

146.    In a letter to Plaintiff dated **May 23, 2015**, Defendant Jordan stated:

> May 27, 2015
>
> Dear Seth,
>
> This letter serves to put into writing our agreement that you will purchase common shares of stock in Twentyfirst Century Biochemicals, Inc., at a price of $0.34 per share from my personal allotment.  For a total of $25,000 you will receive a stock certificate for 73,529 shares.  This certificate will be separate from any other stock certificates due from conversions of loans to the Company or direct purchases of stock from others or the Company.  The certificate will be generated by our corporate attorney following payment as follows:
>
> (1)  $15,000 to be paid in May, 2015, and
> (2)  $10,000 to be paid at a time of your choosing between June 1, 2015 and September 30, 2015.
>
> Thanks very much!
>
> Jordan B. Fishman, PhD
> 29 Lynbrook Road
> Southborough, MA 01772

147.    Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that shares in Defendant Twenty First Century were valued at far less than 34 cents.

148.    In an email dated **August 7, 2015** Defendant Jordan stated:

**From:** Jordan B. Fishman <jfishman@21stcenturybio.com>
**Sent:** Friday, August 7, 2015 12:44 PM
**To:** 'Seth Fishman' <sethfishman@hotmail.com>
**Subject:** RE: I will be getting a quote this coming week for the Ultra vs the Genesis

You have a total of $150,000 in loans from this year which is 375,000 shares (avg of $0.40) and I am waiting to see how the accountants will handle the $50K or so left on deposit from last year.  I just have to nail them down.  That would be ~ 125,000 shares.

Regards,

149.   Plaintiff has now become aware no earlier than May 1, 2020, that, on or about **March 14, 2016**, Defendant Twenty First Century filed an annual report with the Common Wealth of Massachusetts representing that Defendant Twenty First Century holds 5 Million shares, with a total value of $50,000.00, at a value of *1 cent per share*. See **Exhibit E.**

150.   Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that shares in Defendant Twenty First Century were valued at far less than 40 cents.

151.   Defendant Jordan knew, deliberately ignored, and recklessly disregarded the fact that Defendants were unable to pay Plaintiff substantial monies of less than $150,000 through the conversion of money to Defendant Twenty First Century shares.

152.   Defendant Jordan advised Plaintiff that Plaintiff would become a 6.9% shareholder in Defendant Twenty First Century

153.   In an email dated **February 9, 2018,** Defendant Jordan advised Plaintiff that Plaintiff would hold *341,580 shares* of Defendant Twenty First Century shares.

154.    Defendant, acting as president of Defendant Twenty First Century, knew, deliberately ignored, and recklessly disregarded the fact that the statements set forth herein were materially false.

155.    Defendant Jordan, acting as president of Defendant Twenty First Century, induced Plaintiff to rely on the statements and representations alleged herein regarding, among other things, the financial health and solvency of Defendant Twenty First Century and its ability to pay back substantial loans made by Plaintiff.

156.    Plaintiff suffered monetary losses by justifiably relying on the representations and statements made by Defendant Jordan, acting as president of Defendant Twenty First Century, regarding, among other things, the financial health and solvency of Defendant Twenty First Century and its ability to pay back substantial loans made by Plaintiff.

157.    Plaintiff elected not to pursue significant business opportunities in Florida and the UAE by justifiably relying on the representations and statements made by Defendant Jordan, acting as president of Defendant Twenty First Century, regarding, among other things, the financial health and solvency of Defendant Twenty First Century and its ability to pay back substantial loans made by Plaintiff.

158.    To date, Plaintiff has never received any shares in Defendant Twenty First Century or shares certificate.

159.   To date, Plaintiff has never received a valuation, accounting, or appraisal of the value of the shares he supposedly owns in Defendant Twenty First Century.

160.   By reason of Defendants' conduct, Plaintiff has suffered damages in the amount of no less than $5 Million.

WHEREFORE, Plaintiff demands judgment in the amount of no less than $1 Million for actual damages, lost profits, attorney's fees, costs, and any other costs this court deems reasonable. Plaintiff further demands access to Defendant Twenty First Century's books and records and demands an accounting of all monies, regardless of form, received by Defendant Twenty First Century or Defendant Jordan from Plaintiff.

Respectfully submitted,


s/Andrew S. Feldman\_\_\_\_
Feldman Firm PLLC
Southeast Financial Center
200 S. Biscayne Blvd, Suite 2770
Miami, Florida 33131
Office:            305.714.9474
Facsimile:     305.714.9555
Email:          afeldman@feldmanpllc.com
FBN:            60325

*Attorney for Seth Fishman, DVM*