## NON-RECOURSE TERM NOTE

$25,000.00                                                        Marlborough, Massachusetts
                                                                  May 23, 2015

      FOR VALUE RECEIVED, the undersigned, Twentyfirst Century Biochemicals, Inc., a Delaware corporation with its principal place of business located at 260 Cedar Hill Street, Marlboro, Massachusetts 01752 (the "Borrower"), promises to pay to Seth Fishman, an individual residing at 2565 S. Ocean Blvd, Highland Beach, FL, 33487-1871, his/her successors or assigns (the "Payee"), the sum of Twenty Five Thousand Dollars ($25,000.00) together with interest, payable at the rate of fifteen percent (15%) compounded annually, calculated on the basis of a 365 day year, accruing on the outstanding principal balance from the date hereof until payment in full, such principal and interest to be paid at such times as are hereinafter specified.

      1. <u>Payment Terms.</u> The Principal of Twenty Five Thousand Dollars ($25,000.00) will be paid in full on the one year anniversary of the execution of this Note. Interest during this one year term will be paid on the outstanding principal balance at the 6 month and 12 month anniversary following the execution of this Note unless the Borrower exercises his right to prepay Principal as per Section 2, thus reducing the interest owed, or the Lender exercises his rights to convert the Principal of this loan into shares of the Company stock as outlined in Section 2, below. The Borrower agrees and acknowledges that any amortization schedule provided to the Payee is only an estimate, and is superseded by the terms of this Note regarding the accrual and payment of principal and interest. Payments received will be applied to charges, fees and expenses (including attorneys' fees), accrued interest and principal in any order the Payee may choose, in Payee's sole discretion.

      2. <u>Prepayment and Conversion Rights.</u> The Borrower shall have the right to prepay the Principal and/or Interest of this Note at any time and from time to time, in whole or in part, without penalty or fee. At any time during the term of this note, any unpaid Principal can be converted at the Payee's discretion to the Borrower's common stock at a fair market value (FMV) to be determined at the point of conversion, provided that the Payee meets the IRS requirements to be a shareholder of a Sub S Corporation and signs the current Company Shareholder Agreement. At the current FMV, full conversion of the Principal ($25,000.00) of this note to common shares would be equal to approximately 54,347 shares of stock based upon the current FMV of $0.46 per share however this can and will change. Should the company repay the principal and interest due prior to the end of the term of the note, then only that portion of the principal unpaid, if any, would be eligible for conversion to common stock.

      3. <u>Events of Default.</u> The occurrence of any of the following events will be deemed to be an "Event of Default" under this Promissory Note: (i) the nonpayment of any principal, interest or other indebtedness hereunder when due; (ii) the occurrence of any event of default or default and the lapse of any notice or cure period under this Promissory Note or under any other debt, liability or obligation to the Payee by the Borrower; (iii) the filing by or against the Borrower of

any proceeding in bankruptcy, receivership, insolvency, reorganization, liquidation, conservatorship or similar proceeding, or any assignment by the Borrower for the benefit of creditors, or any levy, garnishment, attachment or similar proceeding is instituted against any property of the Borrower; (iv) a default with respect to any other indebtedness of the Borrower for borrowed money, if the effect of such default is to cause or permit the acceleration of such debt; (v) the commencement of any foreclosure proceeding, execution or attachment against any collateral securing the obligations of the Borrower to the Payee; (vi) the entry of a final judgment against the Borrower and the failure of the Borrower to discharge the judgment within ten (10) days of the entry thereof; (vii) the failure of the Borrower to observe or perform any covenant or other agreement with the Payee contained herein or any other documents now or in the future representing any obligations of the Borrower to the Payee; or (viii) the sale of all or substantially all of the assets or outstanding shares of the Borrower.

4. Default Rate.  Upon the occurrence of an Event of Default, the outstanding principal balance and accrued interest hereunder together with any additional amounts payable hereunder shall be immediately due and payable without demand or notice of any kind, and, at the option of Payee and without demand or notice of any kind, may be accelerated and become immediately due and payable.  At the option of the Payee, this Note will bear interest at a rate per annum (based on a year of 365 days and actual days elapsed) which shall be two percentage points (2.0%) in excess of the interest rate in effect from time to time under this Note but not more than the maximum rate allowed by law (the "Default Rate").  The Default Rate shall continue to apply whether or not judgment shall be entered on this Note.

5. Maximum Amount of Interest.  It is the express intention of the Borrower and Payee that the amount of interest due or payable under this Note shall not exceed the maximum rate of interest allowed by applicable law.  In the event that the Payee should ever receive anything of value deemed interest by applicable law which would exceed such maximum rate, then such excess sum shall be applied to the reduction of principal then outstanding, or, if such excess exceeds the principal then outstanding, such excess shall be repaid to the Borrower.

6. Set-Off.  In addition to any rights and remedies of Payee provided by law, and regardless of the adequacy of any collateral, if an Event of Default exists or this Note has been accelerated, the Payee is authorized at any time and from time to time, without prior notice to the Borrower, any such notice being waived by the Borrower to the fullest extent permitted by law, to set off and apply any and all amounts at any time owing by, the Payee to or for the credit or the account of the Borrower against any and all obligations owing by the Borrower hereunder, now or hereafter existing, irrespective of whether or not the Payee shall have made demand under this Note or any other document and although such obligations may be contingent or unmatured.

2

Borrower
By: initial

7. <u>Amendments and Waivers</u>. Neither this Note nor any provision hereof shall be amended or otherwise modified, waived or discharged, or any non-compliance therewith deemed to have been consented to, orally or by course of conduct, except by a written agreement signed by the Payee in the case of waivers, discharges and consents, and also by the Borrower in the case of amendments or other modifications. Any such waiver or consent shall be effective only in the specific instance and for the purpose for which given. No notice or demand on the Borrower in any case shall entitle the Borrower to any other or further notice or demand in similar or other circumstances or constitute a waiver of any right of the Payee to take action without notice or demand. No failure or delay on the part of the Payee in exercising any right hereunder shall operate as a waiver thereof or of any other right, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or of any other right or remedy.

8. <u>Notices</u>. Except as otherwise provided herein, all notices and other communications in connection with this Note shall be in writing, and shall have been duly given and be effective (a) when delivered, (b) the third business day following the day on which the same is sent by certified or registered mail, postage prepaid, return receipt requested, or (c) when sent by facsimile transmission (provided a copy of such facsimile transmission is also sent by first-class mail concurrently with such transmission), in each case addressed to the respective party at the address set forth above, or at such other address as such party may specify by written notice to the other parties hereto.

9. <u>Miscellaneous.</u> The Payee may exercise from time to time any of the rights and remedies available to the Payee hereunder or under applicable law. No delay or omission of the Payee to exercise any right or power arising hereunder shall impair any such right or power or be considered to be a waiver of any such right or power, nor shall the Payee's action or inaction impair any such right or power. The Borrower agrees to pay on demand, to the extent permitted by law, all costs and expenses incurred by the Payee in the enforcement of its rights under this Note, including without limitation reasonable fees and expenses of the Payee's counsel. If any provision of this Note is found to be invalid by a court, all the other provisions of this Note will remain in full force and effect. The Borrower and all other makers and endorsers of this Note hereby forever waive presentment, protest, notice of dishonor and notice of non-payment. The Borrower also waives all defenses based on suretyship. This Note shall bind the Borrower and its heirs, executors, administrators, successors and assigns, and the benefits hereof shall inure to the benefit of the Payee and its successors and assigns. This Note has been delivered to and accepted by the Payee and will be deemed to be made in The Commonwealth of Massachusetts. This Note will be interpreted and the rights and liabilities of the Payee and the Borrower determined in accordance with the laws of The Commonwealth of Massachusetts, excluding its conflicts of law rules. The Borrower hereby irrevocably consents to the exclusive jurisdiction of any state or federal court for the county or judicial district wherein payment is to be made as indicated above, and consents to service of process by any nationally recognized overnight courier service directed to the Borrower at the Borrower's address set forth herein and agrees that service so made will be deemed to be completed on the business day after deposit with such courier; provided that nothing contained in this Note will prevent the Payee from bringing any action, enforcing any

3

Borrower
By: initial 

award or judgment or exercising any rights against the Borrower individually, against any security or against any property of the Borrower within any other county, state or other foreign or domestic jurisdiction. The Borrower acknowledges and agrees that the venue provided above is the most convenient forum for both the Payee and the Borrower. The Borrower waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Note.

10. <u>Waiver of Jury Trial.</u> BORROWER IRREVOCABLY WAIVES ANY AND ALL RIGHTS BORROWER MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE RELATING TO THIS NOTE, ANY DOCUMENTS EXECUTED IN CONNECTION WITH THIS NOTE OR ANY TRANSACTION CONTEMPLATED IN ANY OF SUCH DOCUMENTS. BORROWER ACKNOWLEDGES THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.

11. <u>Acknowledgement of Borrower.</u> Borrower acknowledges that it has read and understood all the provisions of this Note, including the waiver of jury trial, and has been advised by counsel as necessary or appropriate.

WITNESS the due execution hereof as a document under seal, as of the date first written above, with the intent to be legally bound hereby.

TWENTYFIRST CENTURY BIOCHEMICALS, INC.

By: _____
Jordan B. Fishman, President

Witnessed: _____

By: _____
Print name:

4


Borrower
By: initial